### Tom Haynie v. The State.

#### No. 2567.     Decided June 3, 1903.

**1.—Gathering Pecans Unlawfully—Information.**

An information brought under the Act of the Twenty-fifth Legislature, page 52, Penal Code, article 801a, for gathering pecans upon the inclosed land of another, is sufficient which alleges that the land was the inclosed land of M., and that the act was done without the consent of M. It is not necessary to further allege the want of consent of the lessor, or person in control of the land, unless the person in possession was a lessor or simply in control thereof.

**2.—Inclosed Land—Charge.**

A charge that it is sufficient if the land is inclosed by artificial or natural means so as to protect it from depredation, is a correct definition, and not upon the weight of evidence.

**3.—Same.**

An inclosure is constituted in part by a dam across a river, and it is no defense that the fence inclosing the land was down or disconnected in any particular place.

Appeal from the County Court of Llano. Tried below before Hon. F. J. Johnson, County Judge.

Appeal from a conviction of gathering pecans upon the inclosed land of another; penalty, a fine of $5.

The charging part of the information is set out in the opinion. Defendant's motion to quash was overruled.

A part of the fence alleged as inclosing the land from which appellant gathered the pecan nuts was a mill dam across the Llano River, and whether at the time appellant gathered the pecan nuts the fence actually connected with this mill dam on both or either sides of the river was a disputed fact in the case. The alleged inclosure was intended for and used as a stock pasture and the fence around same was a wire fence, except a part extending across the Llano River in one place was a mill dam.

*Wilburn Oatman,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted and fined $5 under an information charging that he * * * "did then and there unlawfully gather pecan nuts upon inclosed lands not owned, leased or controlled by him, the said Tom Haynie, being the inclosed land of R. H. Moseley, and without the consent of the said R. H. Moseley," etc. Appellant filed a motion to quash the information, because the same failed to allege that the pecan nuts were gathered upon the inclosed lands without the consent of the lessor or person in control thereof. This prosecution is predicated upon section 1, of chapter 57, Acts Twenty-fifth Legislature, page 53, which provides: "Any person who shall hereafter gather any pecan nuts upon the inclosed land not owned, leased or controlled by him, unless it be made to appear in defense that it was taken by the consent of the owner, lessor or person in control * * * shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than five dollars and not more than three hundred dollars; or by imprisonment in the county jail not more than three months, or by both such fine and imprisonment." It will be noted that the information charged the land to have been inclosed land of R. H. Moseley. It is not necessary to allege, as appellant insists, the want of consent of the lessor or person in control thereof, unless the person in possession is the lessor or simply in control. The information alleges that Moseley, the prosecuting witness, was the owner of the land. This is sufficient.

Appellant complains of the following portion of the court's charge: "Having instructed you the meaning of land actually inclosed, I further charge you that it is not necessary that such land should be confined within an actual and sufficient fence, but if same is in any manner inclosed sufficient to protect the land from depredation by artificial or natural means, it would be sufficient under the law." Appellant insists that this charge is upon the weight of the evidence, in that it

assumes the land was in fact actually controlled in some manner; and that the only question for the jury to determine was whether or not it was sufficiently inclosed within the meaning of the law.    (2)    Such charge fails to indicate to the jury what manner or character of depredation said land should be inclosed to protect it against, in order to constitute it inclosed land.    This charge is not upon the weight of the evidence, but, as we understand it, is a definition of what the statute means by inclosed land; and the court is correct in saying that such inclosure may be by natural or artificial means.

We also understand appellant to contend, as a part of the fence alleged as inclosing the land from which appellant gathered the pecan nuts was a mill dam across the Llano River, that this would not constitute an inclosure in contemplation of the statute.    We also understand him to insist that if the fence happened to be down or disconnected at any particular place, this would constitute a defense.    We do not so understand the law.    The evidence supports the verdict of the jury. The judgment is affirmed.

*Affirmed.*